UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

WRR ENVIRONMENTAL SERVICES, INC.,

                Plaintiff,

                                    Case No. 10-C-843

v.

ADMIRAL INSURANCE COMPANY,

                Defendant.

---

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
## OF ADMIRAL INSURANCE COMPANY

---

Defendant, Admiral Insurance Company ("Admiral"), by and through its undersigned counsel, Hurtado, S.C., as and for its answer and affirmative defenses to the *Complaint*, dated August 27, 2010, of Plaintiff, WRR Environmental Services, Inc. ("WRR"), states as follows:

### NATURE OF ACTION

1.    As to Paragraph 1 of the *Complaint*, Admiral lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and therefore denies the allegations set forth therein and puts WRR to its strictest proof thereon.

2.    As to Paragraph 2 of the *Complaint*, Admiral lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and therefore denies the allegations set forth therein and puts WRR to its strictest proof thereon.

3.    As to Paragraph 3 of the *Complaint*, Admiral denies the allegations set forth therein and puts WRR to its strictest proof thereon.

4. As to Paragraph 4 of the *Complaint*, Admiral admits that it does business in Wisconsin and Milwaukee County, but denies the remaining allegations set forth therein and puts WRR to its strictest proof thereon.

5. As to Paragraph 5 of the *Complaint*, Admiral admits that it has denied owing a duty to defend or indemnify WRR in the environmental investigation and remediation of the Site at issue, but denies the remaining allegations set forth therein and puts WRR to its strictest proof thereon.

6. As to Paragraph 6 of the *Complaint*, Admiral admits that WRR seeks damages and declaratory relief from Admiral, but denies the remaining allegations set forth therein and puts WRR to its strictest proof thereon. Admiral further denies that WRR is entitled to any relief whatsoever from Admiral.

## PARTIES

7. As to Paragraph 7 of the *Complaint*, Admiral lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and therefore denies the allegations set forth therein and puts WRR to its strictest proof thereon.

8. As to Paragraph 8 of the *Complaint*, Admiral issued a General Liability policy, number A3EG0772, to Waste Research & Reclamation Co., Inc. Further answering, Admiral admits the remaining allegations contained therein.

## ENVIRONMENTAL CLAIMS

9. As to Paragraph 9 of the *Complaint*, Admiral admits that WRR seeks insurance coverage and defense from Admiral, but denies the remaining allegations set forth therein and puts WRR to its strictest proof thereon. Admiral further denies that WRR is entitled to any coverage, defense or relief whatsoever from Admiral.

10. As to Paragraph 10 of the *Complaint*, Admiral admits that admits that the Lake Calumet Cluster Site is located in Chicago, Illinois, but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth therein, and therefore denies the remaining allegations set forth therein and puts WRR to its strictest proof thereon..

11. As to Paragraph 11 of the *Complaint*, Admiral lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and therefore denies the allegations set forth therein and puts WRR to its strictest proof thereon.

12. As to Paragraph 12 of the *Complaint*, Admiral lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and therefore denies the allegations set forth therein and puts WRR to its strictest proof thereon.

13. As to Paragraph 13 of the *Complaint*, Admiral lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and therefore denies the allegations set forth therein and puts WRR to its strictest proof thereon.

14. As to Paragraph 14 of the *Complaint*, Admiral admits that on an unknown date it received a letter from an attorney for WRR dated November 20, 2003, purporting to tender defense and indemnity relative to the Lake Calumet Cluster Site, but denies the remaining allegations set forth therein and puts WRR to its strictest proof thereon.

15. As to Paragraph 15 of the *Complaint*, Admiral lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and therefore denies the allegations set forth therein and puts WRR to its strictest proof thereon.

16. As to Paragraph 16 of the *Complaint*, Admiral lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and therefore denies the allegations set forth therein and puts WRR to its strictest proof thereon.

17. As to Paragraph 17 of the *Complaint*, Admiral admits that it issued a letter to WRR dated September 1, 2004, wherein it denied coverage for WRR's claim based upon the Absolute Pollution and Contamination Exclusion Endorsement to the Policy, but denies the remaining allegations set forth therein and puts WRR to its strictest proof thereon.

18. As to Paragraph 18 of the *Complaint*, Admiral lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and therefore denies the allegations set forth therein and puts WRR to its strictest proof thereon.

19. As to Paragraph 19 of the *Complaint*, Admiral admits that on an unknown date it received a letter from an attorney for WRR dated April 11, 2005, claiming that Admiral's denial to defend and indemnity WRR was in error, but denies the remaining allegations set forth therein and puts WRR to its strictest proof thereon.

20. As to Paragraph 20 of the *Complaint*, Admiral lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and therefore denies the allegations set forth therein and puts WRR to its strictest proof thereon.

21. As to Paragraph 21 of the *Complaint*, Admiral lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and therefore denies the allegations set forth therein and puts WRR to its strictest proof thereon.

22. As to Paragraph 22 of the *Complaint*, Admiral lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and therefore denies the allegations set forth therein and puts WRR to its strictest proof thereon.

23. As to Paragraph 23 of the *Complaint*, Admiral lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and therefore denies the allegations set forth therein and puts WRR to its strictest proof thereon.

24. As to Paragraph 24 of the *Complaint*, Admiral lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and therefore denies the allegations set forth therein and puts WRR to its strictest proof thereon.

25. As to Paragraph 25 of the *Complaint*, Admiral lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and therefore denies the allegations set forth therein and puts WRR to its strictest proof thereon.

26. As to Paragraph 26 of the *Complaint*, Admiral lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and therefore denies the allegations set forth therein and puts WRR to its strictest proof thereon.

27. As to Paragraph 27 of the *Complaint*, Admiral lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and therefore denies the allegations set forth therein and puts WRR to its strictest proof thereon.

28. As to Paragraph 28 of the *Complaint*, Admiral lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and therefore denies the allegations set forth therein and puts WRR to its strictest proof thereon.

29. As to Paragraph 29 of the *Complaint*, Admiral denies the allegations set forth therein and puts WRR to its strictest proof thereon.

30. As to Paragraph 30 of the *Complaint*, Admiral denies the allegations set forth therein and puts WRR to its strictest proof thereon.

31. As to Paragraph 31 of the *Complaint*, Admiral denies the allegations set forth therein and puts WRR to its strictest proof thereon.

32. As to Paragraph 32 of the *Complaint*, Admiral denies the allegations set forth therein and puts WRR to its strictest proof thereon.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment)**

33. As to Paragraph 33 of the *Complaint*, Admiral incorporates Paragraphs 1 through 32 of this *Answer and Affirmative Defenses* as if fully set forth herein.

34. As to Paragraph 34 of the *Complaint*, Admiral admits that it issued a policy of insurance to Waste Research & Reclamation Co., Inc., but denies the remaining allegations set forth therein and puts WRR to its strictest proof thereon. Admiral further denies that it owes WRR a duty to defend and indemnify under the policy.

35. As to Paragraph 35 of the *Complaint*, Admiral admits the allegations set forth therein.

36. As to Paragraph 36 of the *Complaint*, Admiral admits that a controversy exists between it and WRR regarding the availability of coverage under the policy, but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth therein, and therefore denies the remaining allegations set forth therein and puts WRR to its strictest proof thereon.

**SECOND CAUSE OF ACTION**
**(Breach of Contract)**

37. As to Paragraph 37 of the *Complaint*, Admiral incorporates Paragraphs 1 through 36 of this *Answer and Affirmative Defenses* as if fully set forth herein.

38. As to Paragraph 38 of the *Complaint*, Admiral admits that it issued a policy of insurance to Waste Research & Reclamation Co., Inc., but denies the remaining allegations set forth therein and puts WRR to its strictest proof thereon.

39. As to Paragraph 39 of the *Complaint*, Admiral denies the allegations set forth therein and puts WRR to its strictest proof thereon.

40. As to Paragraph 40 of the *Complaint*, Admiral admits that WRR has tendered defense and indemnification to Admiral, but denies the remaining allegations set forth therein and puts WRR to its strictest proof thereon. Admiral further denies that it owes WRR a duty to defend and indemnify under the policy or that WRR is entitled to any relief whatsoever from Admiral.

41. As to Paragraph 41 of the *Complaint*, Admiral denies the allegations set forth therein and puts WRR to its strictest proof thereon.

42. As to Paragraph 42 of the *Complaint*, Admiral denies the allegations set forth therein and puts WRR to its strictest proof thereon.

## THIRD CAUSE OF ACTION
**(Bad Faith)**

43. As to Paragraph 43 of the *Complaint*, Admiral incorporates Paragraphs 1 through 42 of this *Answer and Affirmative Defenses* as if fully set forth herein.

44. As to Paragraph 44 of the *Complaint*, Admiral admits only to those duties imposed upon it by law, denies that WRR has accurately set forth those duties, and therefore denies all of the allegations set forth therein and puts WRR to its strictest proof thereon.

45. As to Paragraph 45 of the *Complaint*, Admiral admits only to those duties imposed upon it by law, denies that WRR has accurately set forth those duties, and therefore denies all of the allegations set forth therein and puts WRR to its strictest proof thereon.

46. As to Paragraph 46 of the *Complaint*, Admiral denies the allegations set forth therein and puts WRR to its strictest proof thereon.

47. As to Paragraph 47 of the *Complaint*, Admiral denies the allegations set forth therein and puts WRR to its strictest proof thereon.

48. As to Paragraph 48 of the *Complaint*, Admiral denies the allegations set forth therein and puts WRR to its strictest proof thereon.

49. As to Paragraph 49 of the *Complaint*, Admiral denies the allegations set forth therein and puts WRR to its strictest proof thereon.

50. As to Paragraph 50 of the *Complaint*, Admiral denies the allegations set forth therein and puts WRR to its strictest proof thereon.

51. As to Paragraph 51 of the *Complaint*, Admiral denies the allegations set forth therein and puts WRR to its strictest proof thereon.

### **FOURTH CAUSE OF ACTION**
**(Breach of the Duty of Good Faith and Fair Dealing)**

52. As to Paragraph 52 of the *Complaint*, Admiral incorporates Paragraphs 1 through 51 of this *Answer and Affirmative Defenses* as if fully set forth herein.

53. As to Paragraph 53 of the *Complaint*, Admiral admits that it issued a policy of insurance to Waste Research & Reclamation Co., Inc., but denies the remaining allegations set forth therein and puts WRR to its strictest proof thereon.

54. As to Paragraph 54 of the *Complaint*, Admiral denies the allegations set forth therein and puts WRR to its strictest proof thereon.

55. As to Paragraph 55 of the *Complaint*, Admiral denies the allegations set forth therein and puts WRR to its strictest proof thereon.

56. As to Paragraph 56 of the *Complaint*, Admiral denies the allegations set forth therein and puts WRR to its strictest proof thereon.

### AFFIRMATIVE DEFENSES

As and for its affirmative defenses to WRR's *Complaint*, Admiral alleges and shows to the Court, as follows:

First Affirmative Defense
(Waiver)

WRR is not entitled to relief on some or all of its claims because it has waived any right to defense or indemnity pursuant to the Admiral policy and its action subsequent to the issuance of the policy.

Second Affirmative Defense
(Estoppel)

WRR is not entitled to relief on some or all of its claims because it is equitably estopped from asserting those claims against Admiral based on the terms, conditions and limits of the policy, and WRR's actions and inactions.

WHEREFORE, Defendant, Admiral Insurance Company denies that Plaintiff, WRR Environmental Services, Inc. is entitled to any relief whatsoever and respectfully requests that the Court enter judgment in Admiral's favor and against WRR, and for an award of costs and reasonable attorneys' fees to Admiral, and for such other a further relief that the court deems just.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

Defendant, Admiral Insurance Company ("Admiral"), by and through its undersigned counsel, Hurtado, S.C., as and for its counterclaim for declaratory relief against Plaintiff, WRR Environmental Services, Inc. ("WRR"), states as follows:

1. Admiral is a Delaware corporation with its principal place of business in Cherry Hill, New Jersey.

2. Upon information and belief, WRR is a Wisconsin corporation with its principal place of business in Eau Claire, Wisconsin.

3. In 1983, Admiral issued General Liability Policy No. A3EG0772 to Waste Research & Reclamation Co., Inc., for the policy period 5/01/83 – 5/01/84.

4. The Declarations of the policy state that the following Endorsement attached to the policy at its inception: #5 – Absolute Pollution and Contamination Exclusion.

5. Endorsement No. 5, the Absolute Pollution and Contamination Exclusion, states as follows:

> "It is hereby understood and agreed that this insurance does not apply to bodily injury or property damage arising out of the discharge, dispersal, release, or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water."

6. Endorsement No. 5 does not contain any exceptions to the Absolute Pollution and Contamination Exclusion.

7. On August 27, 2010, WRR filed its *Complaint* against Admiral in Milwaukee County Circuit Court, Case No. 10-CV-014-618, seeking Declaratory Judgment and alleging Breach of Contract, Bad Faith and Breach of Implied Duty of Good Faith and Fair Dealing.

8. On September 27, 2010, Admiral removed the matter to the United States District Court for the Eastern District of Wisconsin.

9. According to the *Complaint*, the Illinois Environmental Protection Agency ("IEPA") and/or the United States Environmental Protection Agency ("USEPA") determined that WRR was legally obligated to investigate and remediate environmental damages caused by the release of hazardous materials at and around the Lake Calumet Cluster Site.

10. The *Complaint* further alleges that the EPA had determined that releases of hazardous materials occurred during the operations of the Lake Calumet Cluster Site.

11. The *Complaint* further alleges that the USEPA notified WRR that it was a potentially responsible party at the Lake Calumet Cluster Site.

## COUNT I
**(Declaratory Judgment)**

12. Admiral incorporates Paragraphs 1 through 11 of this *Counterclaim* as if fully set forth herein.

13. The release by WRR of hazardous materials during its operations at the Lake Calumet Cluster Site, as determined by the EPA, constitutes "discharge," "dispersal," or "release" of "toxic chemicals," "waste materials," "other irritants," "contaminants" or "pollutants" into or upon land.

14. The Absolute Pollution and Contamination Exclusion as attached and incorporated into the policy at Endorsement No. 5 specifically excludes from coverage property damage caused by the release by WRR of the hazardous materials alleged by the EPA.

WHEREFORE, Defendant, Admiral Insurance Company requests that this Court enter judgment finding and declaring that: (1) the release by WRR Environmental Services, Inc. of hazardous materials into or upon the Lake Calumet Cluster Site is precisely the nature of an event contemplated by the parties to the policy when it was agreed that the Absolute Pollution and Contamination Exclusion should be attached to the policy; (2) the Absolute Pollution and Contamination Exclusion at Endorsement No. 5 of Policy No. A3EG0772 prevents WRR from receiving any coverage under this policy for any hazardous release claims made against it during the policy period; and (3) Admiral owed no duty to defend, indemnify or pay any damages to WRR for any claims alleged in WRR's *Complaint*.

## JURY TRIAL DEMAND

Defendant, Admiral Insurance Company demands a trial by jury on all claims, counterclaims and defenses so triable.

Dated this 15th day of October, 2010.

>s/ Matthew J. Price
>Matthew J. Price (WI SBN 1021922)
>Hurtado, S.C.
>10700 Research Drive, Suite Four
>Wauwatosa, WI 53226
>Telephone: (414) 727-6250
>Fax: (414) 727-6247
>E-mail: mprice@hurtadosc.com
>*Attorneys for Defendant*
>*Admiral Insurance Company*