UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WRR ENVIRONMENTAL SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADMIRAL INSURANCE COMPANY, <br><br> Defendant. | Case No. 10-C-843 |

**PROPOSED FINDINGS OF FACT OF WRR ENVIRONMENTAL SERVICES, INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE WHETHER THE ALLEGED "ABSOLUTE POLUTION EXCLUSION" BARS WRR ENVIRONMENTAL SERVICES, INC.'S INSURANCE CLAIM**

Plaintiff WRR Environmental Services, Inc., through its undersigned counsel, submits the following proposed findings of fact in support of its Motion for Partial Summary Judgment on the Issue Whether the Alleged "Absolute Pollution Exclusion" Bars WRR Environmental Services, Inc's Insurance Claims:

1. On May 1, 1983, Defendant Admiral sold to Plaintiff WRR a general comprehensive liability insurance policy (Policy No. AEG0772). (Answer, ¶ 8 (dkt. # 8)).

2. WRR is and at all relevant times operated a hazardous waste facility as that term is defined under federal law. December 1, 2011 Declaration of Thomas A. Janczewski (hereinafter "Janczewski Decl."), ¶ 2, Ex. A, pg. ADM000021)

3. WRR purchased the Policy to satisfy WRR's obligations under the financial responsibility regulations. (*See* Janczewski Decl., ¶ 2, Ex. A, pg. ADM000025, ADM000045).

4. Admiral accomplished the sale through use of two insurance intermediaries, John H. Crowther Inc. ("Crowther") and Stromwell, Joseph & Gustaveson, Inc. ("Gustaveson").

5. Crowther was an insurance wholesaler appointed by Admiral to deal on Admiral's behalf with local insurance agents. (Janczewski Decl., ¶ 5, Ex. D, pp15-17).

6. Gustaveson, in turn, was an insurance agent that Crowther worked through to sell the Policy to WRR. (Janczewski Decl., ¶ 5, Ex. D, pg. 17).

7. For its part, Gustaveson held itself out to WRR to be an "Authorized Representative of Admiral Insurance Company." (Janczewski Decl., ¶ 2, Ex. A, pg. ADM000045).

8. In selecting the Policy WRR specifically requested "pollution liability coverage." (*See* Janczewski Decl., ¶ 2, Ex. A, pg. ADM000025, ADM000045).

9. Admiral and Crowther internally discussed Admiral's unwillingness to sell WRR pollution coverage. (*See* Janczewski Decl., ¶ 2, Ex. A, pg. ADM000029).

10. The terms of the Policy itself states a limit of $500,000 for each occurrence as respects Bodily Injury Liability or Property Damage Liability" and broadly defined "occurrence" as "an accident, including continuous or repeated exposure to conditions, which result in bodily injury or property damage neither expected nor intended from the standpoint of the Insured." (Janczewski Decl., ¶ 5, Ex. D, pg. 35, Ex. 2, pg. 000059-63).

11. One month after the effective date of the Policy, on June 1, 1983, Admiral purportedly sent to WRR a series of declarations and endorsements, including the so-called "absolute pollution exclusion" endorsement, alleged by Admiral to be included in the contract as endorsement number 5. (Janczewski Decl., ¶ 2, Ex. A, pg. ADM000001, ADM000015).

12. The "absolute pollution exclusion" endorsement states:

It is hereby understood and agreed that this insurance does not apply to bodily injury or property damage arising out of the discharge, dispersal, release, or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or

gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water.

(Janczewski Decl., ¶ 2, Ex. A, pg. ADM000015).

13. Gustaveson executed and delivered to WRR a "Hazardous Waste Facility Certificate of Liability Insurance" ("Certificate") in the format required by regulation. (Janczewski Decl., ¶ 2, Ex. A, pg. ADM000045).

14. Gusteveson certified that the wording was identical to the wording in 40 CFR 264.151(j). (*Id.*)

15. The Certificate stated that the policy included coverage for "sudden accidental occurrences." (*Id.*)

16. Gustevson represented himself to be an "Authorized Representative of Admiral Insurance Company." (*Id.*)

17. Crowther and Admiral received a copy of the Certificate. (Janczewski Decl., ¶ 2, Ex. A, pg. ADM000045; Janczewski Decl., ¶ 5, pg. ADM000045).

18. Admiral stored the Certificate in its underwriting file. (Janczewski Decl., ¶ 5, Ex. D, pg. 44).

19. There is no evidence that Crowther or Admiral ever disavowed the Certificate or advised WRR that Gustaveson was in any way unauthorized to bind Admiral.

20. Both WRR and the EPA relied upon the Certificate: WRR continued to pay premiums on the Policy and EPA apparently accepted the Certificate as evidence of financial responsibility. (Janczewski Decl., ¶ 2, Ex. A, pg. ADM000018).

21. Indeed, Admiral did not advise WRR of Admiral's position that the certificate was erroneous until approximately 15 years later, in a coverage dispute before the Western

3

Case 2:10-cv-00843-RTR   Filed 12/01/11   Page 3 of 5   Document 26-1

District of Wisconsin (Case No. 98-C-0713S) that ultimately settled out of court. (*See* Janczewski Decl., ¶ 4, Ex. C., Responses 1–3).

22. On or around November 6, 2003, WRR received from EPA a notice indicating that WRR was a potentially responsible party ("PRP") for a site known as the "Lake Calumet Cluster Site." (Janczewski Decl., ¶ 6, Ex. E).

23. WRR never owned or operated the Lake Calumet Cluster Site; rather the EPA takes the position that WRR is a PRP based upon WRR alleged transportation of materials to the Lake Calumet Cluster Site:

> The U.S. EPA has information that you may have owned or operated or generated or transported hazardous substances that were disposed of at the Site. By this letter, U.S. EPA notifies you of your potential liability with regard to this matter and encourages you, as a potentially responsible party, to reimburse U.S. EPA for costs incurred to date and to voluntarily perform or finance the response activities that U.S. EPA has determined or will determine are required at the Site.

(Janczewski Decl., ¶ 6, Ex. E).

24. On or around November 20, 2003, WRR sent Admiral a timely letter notifying Admiral of WRR's identification as a PRP and seeking defense and indemnification under the Policy. (Janczewski Decl., ¶ 6, Ex. E).

25. To date, Admiral has denied coverage on the basis of the Absolute Pollution Exclusion. (Counterclaim, ¶ 5 (Dkt # 8)).

Dated: December 1, 2011  **MICHAEL BEST & FRIEDRICH LLP**

By: s/ Thomas A. Janczewski
   Raymond R. Krueger (SBN 1000642)
   Thomas A. Janczewski (SBN 1066346)
   Michelle M. Wagner (SBN 1076065)
   100 East Wisconsin Avenue, Suite 3300
   Milwaukee, WI 53202-4108
   Phone: (414) 271-6560
   Fax: (414) 277-0656
   E-mail: rrkrueger@michaelbest.com
          tajanczewski@michaelbest.com

*Attorneys for Plaintiff*