# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WRR ENVIRONMENTAL SERVICES, Inc.,**

Plaintiff,

-vs-                                                              **Case No. 10-C-843**

**ADMIRAL INSURANCE COMPANY,**

Defendant.

# DECISION AND ORDER

WRR Environmental Services, Inc. ("WRR") is a Wisconsin corporation that operates a hazardous waste facility. Under federal law, WRR is required to "demonstrate financial responsibility for bodily injury and property damage to third parties caused by sudden accidental occurrences arising from operations of the facility or group of facilities." 40 C.F.R. § 264.147(a). To that end, on May 1, 1983, WRR purchased a general liability insurance policy from Admiral Insurance Company. More than twenty years later, WRR submitted a claim based on its status as a potentially responsible party ("PRP") for a site known as the "Lake Calumet Cluster Site." In cross-motions for summary judgment, Admiral denies coverage for this claim based on the policy's "Absolute Pollution Exclusion." WRR argues that the Court should reform the policy to eliminate this exclusion.

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The plain language of the rule "mandates the entry of summary

judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must accept as true the evidence of the nonmovant and draw all justifiable inferences in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is appropriate only if, on the record as a whole, a rational trier of fact could not find for the non-moving party. *Rogers v. City of Chi.*, 320 F.3d 748, 752 (7th Cir. 2003).

WRR purchased the policy from Admiral through John Crowther, an insurance wholesaler, and J.C. Gustaveson, an insurance agent that Crowther worked through to sell the policy to WRR. One month after the effective date of the policy, Admiral sent WRR a series of declarations and endorsements, including the Absolute Pollution and Contamination Exclusion.[1] However, Gustaveson also executed and delivered a "Hazardous Waste Facility Certificate of Liability Insurance." The certificate was signed by Gustaveson as an authorized agent of Admiral Insurance Company. WRR continued to pay premiums on the policy and the EPA accepted the certificate as evidence of financial responsibility. Admiral did not advise WRR of its position that the certificate was invalid until approximately 15 years later in a separate coverage dispute that settled out of court.

---

[1] This endorsement states: "It is hereby understood and agreed that this insurance does not apply to bodily injury or property damage arising out of the discharge, dispersal, release, or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids of gases, waste materials or other irritants, contaminants or pollutants into or upon the land, the atmosphere or any water course of body of water."

In Wisconsin, a contract may be reformed when the "writing that evidences or embodies an agreement in whole or in part fails to express the agreement because of a mistake of both parties as to the contents or effect of the writing." *Vandenberg v. Cont'l Ins. Co.*, 628 N.W. 2d 876, 889 (Wis. 2001) (quoting Restatement (Second) of Contracts § 155 (1979)). In the insurance context, "less is required to make out a cause of action for reformation than in ordinary contract disputes." *Artmar, Inc. v. United Fire & Cas. Co.*, 148 N.W. 2d 641, 643 (Wis. 1967). Thus, a "mistake due to the negligence of an agent . . . is satisfactory ground for reformation, since the insured ordinarily relies upon the agent to set out properly the facts in the application." *Id.* at 644. "Where a policy of insurance, which has been drawn up by the agent of the insurer and merely accepted by the insured, does not represent the intention of both parties, because of the fault or neglect of the agent, it may be reformed so as to express the contract it was intended should be made. Where the party applying for insurance states the facts to the agent and relies on him to write the policy, which will protect his interests, and the agent so understands, but fails by mistake to so write the contract, the mistake is considered mutual." *Id.* This rule "permits an action for reformation when there is a mistake by the agent, even though the mistake is not technically mutual. Moreover, the statement recognizes the reliance which most people place upon an insurance agent to protect their interests." *Id.*[2]

[2] It is not entirely clear that the Court should apply Wisconsin law instead of Illinois law since the location of the property damage is in Chicago. However, it does not appear that the difference would be outcome-determinative. *See, e.g., Magnus v. Barrett*, 557 N.E. 2d 252, 255 (Ill. Ct. App. 1990) ("When the contracting parties to a policy of insurance have made a mistake and the policy fails to express the written contract between them, and provisions other than those intended are inserted or admitted, equity has the right to grant relief by reformation of the contract"). Therefore, the Court will proceed on the assumption that Wisconsin law applies. This is the most likely outcome based on a choice-of-law

(continued...)

By issuing the "Hazardous Waste Facility Certificate of Liability Insurance,"[3] Gustaveson certified that Admiral "has issued liability insurance covering bodily injury and property damage to [WRR], the insured, . . . in connection with the insured's obligation to demonstrate financial responsibility under 40 CFR 264.147 or 265.147. The coverage applies . . . for '*sudden accidental occurrences*.'" This language dovetails with WRR's duty under federal law to "demonstrate financial responsibility for bodily injury and property damage to third parties caused by *sudden accidental occurrences* arising from operations of the facility or group of facilities." 40 C.F.R. § 264.147(a). The certificate is essentially a promise by Admiral to WRR and the EPA that the policy would cover third parties for sudden accidental occurrences. To the extent that this promise is inconsistent with the pollution exclusion, the latter must give way to the former. Issuing the exclusion was a mistake that contradicts the intent of the contracting parties.

Admiral argues that the Wisconsin cases upholding reformation in the context of insurance policies are distinguishable because in those cases, the insurer could demonstrate that there was "an understanding regarding the desired coverage based on prior dealings." *Vandenberg*, 628 N.W. 2d at 890. However, the only reason that "prior dealings" were relevant in *Artmer* and later in *Vandenberg* is because the insured "could not positively assert

---

[2](...continued)
analysis since the policy was issued in Wisconsin to a Wisconsin corporation.

[3] Admiral objects that the certificate along with various other documents are unauthenticated and inadmissible hearsay. The certificate was produced in response to WRR's discovery request as part of Admiral's own underwriting file. Accordingly, the certificate constitutes a party admission and is not hearsay. Fed. R. Evid. 801(d)(2); *F.T.C. v. Hughes*, 710 F. Supp. 1520, 1523 (N.D. Tex. 1989). Moreover, the underwriting file falls under the ancient document exception because it is more than 20 years old. Fed. R. Evid. 901(b)(8); Fed. R. Evid. 803(16).

-4-

that he had requested coverage . . ." *Id.* In the instant case, the only logical explanation for the issuance of the certificate is that WRR made an "express request" for coverage. *Vandenberg* at 890. The failure to provide the requested coverage (i.e., the contradictory inclusion of the absolute pollution exclusion) is a mutual mistake requiring reformation.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1.      Admiral's motion for summary judgment [ECF No. 24] is **DENIED**;

2.      WRR's motion for summary judgment [ECF No. 25] is **GRANTED**; and

3.      In accordance with the initial scheduling order [ECF No. 20], the Court will proceed to conduct a supplemental scheduling conference on **November 7, 2012** at **9:30 a.m. (CST)**. As before, the parties should meet and confer and provide a written report in advance of this hearing. Fed. R. Civ. P. 26(f).

Dated at Milwaukee, Wisconsin, this 7th day of September, 2012.

BY THE COURT:

_____

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

-5-