UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

WRR ENVIRONMENTAL SERVICES, INC.,

    Plaintiff,

v.                                Case No. 10-C-843

ADMIRAL INSURANCE COMPANY,
A Delaware Corporation registered to do
business in Wisconsin,

    Defendant.

## ADMIRAL INSURANCE COMPANY'S STATEMENT OF PROPOSED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant Admiral Insurance Company ("Admiral"), by its attorneys, Bryce Downey & Lenkov LLC, submits the following proposed material facts in support of its Motion for Summary Judgment:

1. In 1983, Admiral issued General Liability Policy No. A3EG0772 to Waste Research & Reclamation Co., Inc., for the policy period May 1, 1983 through May 1, 1984 (the "Policy"). (*See* WRR Complaint, attached hereto as Exhibit A, at ¶¶ 10-12. *See also* Admiral Policy No. A3EG0772, attached hereto as Exhibit B.)

2. By endorsement dated May 1, 1983, an "Absolute Pollution and Contamination Exclusion" was included in the Policy. (See Admiral Counterclaim, attached hereto as Exhibit C, at ¶¶ 12-14.) The Exclusion provides:

> It is hereby understood and agreed that this insurance does not apply to bodily injury or property damage arising out of the discharge, disbursal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants

>or pollutants into or upon land, the atmosphere or any water course or body of water.

(Id.)

3. The Policy defines "Pollutants" as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed." (Admiral Counterclaim, Exhibit C, at p. 11, ¶ 12-13.)

4. The Illinois Environmental Protection Agency ("IEPA") and/or the Unites States Environmental Protection Agency ("EPA") have determined that WRR is legally obligated to investigate and repair property damages caused by unexpected and unintended releases of hazardous materials at the Lake Calumet Cluster Site ("LCCS"), located in Chicago, Illinois. (*See* WRR Complaint, Exhibit A at ¶¶ 10-12.)

5. WRR received notice from the EPA that WRR was a potentially responsible party ("PRP") for the LCCS ("PRP Notice"). (Id. at ¶ 13.)

6. Pursuant to the EPA's claim or PRP Notice to WRR, WRR was put on notice that it was a potentially responsible party in the EPA's action pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), as an owner, operator or person "who generated the hazardous substances or were involved in transport, treatment or disposal of them at the Site". (*See* PRP Notice, attached hereto as Exhibit D.)

7. The PRP Notice plainly states that the CERCLA action against WRR and the other PRP's is for "the release or threatened release of hazardous substances, pollutants and contaminants" at the LCCS site. (PRP Notice, Exhibit D, p. 1.)

8. WRR subsequently received requests from the EPA for reimbursement of costs relating to the clean-up of the LCCS. (WRR Complaint, Exhibit A at ¶ 26.)

9. WRR first tendered its claim relating to the LCCS to Admiral on November 20, 2003, seeking a defense and indemnification for clean-up of the LCCS. (Id. at ¶ 14.)

10. Admiral responded to WRR denying that Admiral owed WRR a defense and/or indemnification for its claim based on the Policy's Absolute Pollution and Contamination Exclusion. (Id. at ¶ 17. *See also* Admiral's Letter denying Coverage, attached hereto as Exhibit E.)

11. WRR filed this lawsuit seven years later, seeking a declaration that WRR is allegedly afforded coverage under the Policy Admiral for the LCCS clean-up and that Admiral owes it a defense and indemnification for certain costs WRR incurred for property damages caused by the release of hazardous materials at the LCCS. (WRR Complaint, Exhibit A at p. 1.)

12. Admiral denied the material allegations of WRR's complaint and asserted a Counterclaim seeking its own declaration that WRR's LCCS claim is not covered under the express terms of the Policy, pursuant to the Absolute Pollution and Contamination Exclusion. (Counterclaim, Exhibit C at p 11, ¶¶ 12-14.)

13. Admiral filed its Motion for Summary Judgment, seeking judgment as a matter of law in its favor on Count I of WRR's Complaint and Count I of Admiral's Counterclaim, based upon the "absolute pollution and contamination exclusion" included in the policy it issued to WRR ("Admiral's 1st SJM").

14. Admiral's 1st SJM asserted that because the policy at issue excludes coverage for any and all property damage caused by contaminants or pollutants, anywhere and regardless of location, type or circumstances, Admiral was correct in denying coverage for WRR's claim.

15. Admiral sought a declaration that the Absolute Pollution and Contamination Exclusion precludes coverage and thus WRR is entitled to no relief whatsoever on its complaint at law, and for such other and further relief as this court deems just.

16. WRR filed its Motion For Partial Summary Judgment On The Issue of Whether The Alleged "Absolute Pollution Exclusion" Bars WRR Environmental Services, Inc.'s Insurance Claim ("WRR's SJM"), asserting that the Policy's absolute pollution and contamination exclusion did not bar its claim against Admiral because of a "Hazardous Waste Facility Certificate of Liability Insurance" ("Certificate of Insurance"), issued to WRR from an alleged agent of Admiral. (*See* Certificate of Insurance, attached hereto as Exhibit F.)

17. On September 7, 2012 the Court issued it Decision and Order ("Order") ruling on the parties' summary judgment motions. The Order addresses the Certificate of Insurance and finds that the Certificate of Insurance was an "express request" for coverage" by WRR, and that the "failure to provide the requested coverage", was a "mutual mistake requiring reformation". See Order, attached hereto as Exhibit G.)

18. The Order holds that "[t]he certificate is essentially a promise by Admiral to WRR and the EPA that the policy would cover third parties for sudden and accidental occurrences. To the extent that this promise is inconsistent with the pollution exclusion, the latter must give way to the former." (Order, Exhibit G, p.4.)

19. The Certificate of Insurance provides:

Admiral Insurance Company, the "Insurer", of Cherry Hill, New Jersey hereby "certifies that it has issued liability insurance covering bodily injury and property damage to Waste research & Reclamation Company., the Insured, of Route 7, Hwy 93 South, Eau Claire, WI, in connection with insured's obligation to demonstrate financial responsibility under CFR 264.147 or 265.147. **The coverage applies at WID 990829475 Waste Research & Reclamation Co., Inc., Route 7, Hwy 93 South, Eau Claire, WI for "sudden accidental occurrences".** The limits are $500,000 each occurrence and $500,000 annual aggregate, exclusive of legal defense costs. The coverage is provided under policy number A3EG 0772, issued on June 1, 1983....

(Certificate of Insurance, Exhibit F (Emphasis supplied)).

20. "WID 990829475" is the US EPA's identification number identifying and designating a particular site located in Eau Claire, WI, which is a designated U.S. EPA Region 5 Superfund site and is also known as the "WRR Eau Claire Facility". (See Admiral's Requests for Admission and WRR's Response to Admiral's Requests for Admission, attached hereto as Exhibit H, at No.7. *See also* NPL Fact Sheet for WID 990829475, attached hereto as Exhibit I.)

21. The insurance coverage sought by WRR in the present declaratory judgment case is for defense and indemnity for environmental claims asserted against WRR pertaining to the Lake Calumet Cluster Site ("LCCS"), located in Chicago, Illinois. (WRR Complaint, Exhibit A at ¶¶ 10-12, 13.)

22. The LCCS is a US EPA Region 5 Superfund site designated or identified by EPA ID# "ILD 000716852". (See Requests for Admissions and Responses, Exhibit H. *See also* NPL Fact Sheet for ILD 000716852, attached hereto as Exhibit J).

23. The Certificate of Insurance is inapplicable to the LCCS site. (Certificate of Insurance, Exhibit E; Order, Exhibit F; Requests for Admissions and Responses, Exhibit H.

24. In 1998 Admiral filed a declaratory judgment case against WRR in the Western District of Wisconsin, Case No. 98-C-0713S, seeking a judicial determination that it had no duty to defend or indemnify WRR under the Policy in connection with claims asserted against WRR in an environmental liability case relating to the American Chemical Services site in Griffith, IN (the "ACS Coverage Case"). Requests for Admissions and Responses, Exhibit H, at Nos. 1-2.)

25. On or about May 4, 1999, Admiral and WRR entered into a "Settlement and Release" terminating the ACS Coverage Case. (Admiral's 2nd Requests for Admission and WRR's Response to Admiral's 2nd Requests for Admission, attached hereto as Exhibit K, at No.2-3.)

26. Pursuant to the "Settlement and Release", WRR "fully and irrevocably releases, acquits and discharges Admiral from all past, present and future liabilities, duties or obligations under the Policy for any and all Environmental Claims arising from the Sites or the ACS Site Litigation." (Admiral's 2nd Requests for Admission and WRR's Response to Admiral's 2nd Requests, Exhibit K, at Nos. 2-3.)

27. The "Sites" to which the Settlement and Release applied included the "WRR Eau Claire Facility" identified in the Certificate as WID 990829475, and the only site for which the Certificate of Insurance could have provided any coverage. (Admiral's 2nd Requests for Admission and WRR's Response to Admiral's 2nd Requests, Exhibit K; Certificate of Insurance, Exhibit E)

28. As to the LCCS site, WRR tendered the LCCS claim to several of its insurers, including Evanston Insurance Co. ("Evanston"), Mt. McKinley Insurance Co. ("Mt. McKinley") and National Union Fire Insurance Co. of Pittsburgh ("National Union"). (See Deposition of WRR Rule 30(b)(6) witness Robert Thomas Fuller, attached hereto as Exhibit L, p. 13, line 4 – p. 14, line 6; p. p.17, line 13 – p. 18, line 5; p. 19, line 15 – p.20, line 15.)

29. Evanston, Mt. McKinley and National Union have provided WRR with a defense or reimbursement for the costs of its defense in connection with the LCCS claim. (Id.)

30. In connection with the LCCS claim, WRR entered into a Participation Agreement with other PRP's, who together entered into an Administrative Order on Consent ("AOC"), pursuant to which WRR and the other participating PRP's accepted responsibility for and/or agreed to pay for their allocated shares of the LCCS clean-up costs. (Robert Thomas Fuller deposition, Exhibit L, p. 42, line 11 – p. 44, line 15.)

31. WRR's "participation", or all funding and sums required to be paid for WRR's participation in the AOC, have been paid by Evanston, Mt. McKinley and National Union. (Robert Thomas Fuller deposition, Exhibit L, p. 42, line 11 – p. 46, line 22.)

32. Except for the set-off for a $500 deductible which WRR already owed pursuant to Mt. McKinley's policy, WRR incurred no out-of-pocket costs in connection with its participation and payment for LCCS clean-up costs pursuant to the AOC. (Id.)

Respectfully Submitted,

ADMIRAL INSURANCE COMPANY

By: /s/ Jeanne M. Hoffmann
One of its Attorneys

Geoffrey A. Bryce
Jeanne M. Hoffmann
BRYCE DOWNEY & LENKOV LLC
200 N. LaSalle St., Suite 2700
Chicago, IL 60601
TEL.: 312-377-1501
FAX: 312-377-1502
jhoffman@bdlfirm.com

## CERTIFICATE OF SERVICE

I certify that on the 31st day of October, 2013 the foregoing Admiral Insurance Company's Statement of Proposed Material Facts In Support of Motion for Summary Judgment was filed electronically. Notice of this filing will be sent to attorneys of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Jeanne M. Hoffmann
One of its Attorneys

Jeanne M. Hoffmann
Bryce Downey & Lenkov LLC
200 N. LaSalle Street, Suite 2700
Chicago, IL 60601
Phone: (312) 377-1501
Fax: (312) 377-1502
E-mail: jhoffmann@bdlfirm.com