STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY

10CV014618

WRR ENVIRONMENTAL SERVICES,
a Wisconsin Corporation,
5200 Ryder Road
Eau Claire, WI

         Plaintiff,

v.

ADMIRAL INSURANCE COMPANY,
a Delaware Corporation,
1255 Caldwell Road
Cherry Hill, NJ 08034
         Defendant.

Case No.

Case Codes:
30301 Money Judgment
30701 Declaratory Judgment
30106 Intentional Tort

## COMPLAINT

**NOW COMES** Plaintiff, by its attorneys, Michael Best & Friedrich LLP, and as and for its Complaint against Defendant Admiral Insurance Company ("Defendant") alleges and shows to the Court as follows:

### NATURE OF ACTION

1. This is an insurance coverage action that arises out of the legal obligations of WRR Environmental Services, Inc., a Wisconsin corporation ("WRR") to investigate and remediate soil, groundwater and surface water contamination at and in the area known as the Lake Calumet Cluster Site located in Chicago, Illinois.

2. WRR's principle place of business is located at 5200 Ryder Road, Eau Claire, Wisconsin.

3. Defendant is an insurance company that issued an insurance policy to WRR in 1983.

4. Defendant has and/or does substantial business in Wisconsin, including Milwaukee County.

5. Defendant has denied coverage for the sums paid and to be paid by WRR in the environmental investigation and remediation of the Lake Calumet Cluster Site, described more fully in this Complaint.

6. In this action, WRR seeks damages for breach of contract, indemnification and defense from the Defendant because of the Defendant's failure to provide coverage under its policy(ies) and for declaratory relief because an actual controversy exists between WRR and Defendant with respect to the Defendant's responsibilities under its insurance policy(ies) to pay claims for property damage as more fully described in this Complaint.

## PARTIES

7. WRR Environmental Services, Inc. is a Wisconsin corporation and with offices and its principal place of business located at 5200 Ryder Road, Eau Claire, Wisconsin.

8. Defendant Admiral Insurance Company is a Delaware corporation with its principle place of business located at 1255 Caldwell Road, Cherry Hill, New Jersey 08034. Defendant issued one or more insurance policies to Waste Research & Reclamation Co., Inc. (n/k/a WRR Environmental Services, Inc.), including without limitation the following, policy number A83EG0772 ("Policy"), which was in effect from 5/1/1983 to 5/1/1984 ("Policy Period").

## ENVIRONMENTAL CLAIMS

9. WRR seeks insurance coverage and defense under the Policy for property damage and damages paid and to be paid by WRR for environmental investigation and remediation for and around the Lake Calumet Cluster Site.

4

10. The Lake Calumet Cluster Site, neither owned nor controlled by WRR, is a collection of several sites, including the Alburn Incinerator and U.S. Drum Disposal sites in Chicago, Illinois.

11. The Illinois Environmental Protection Agency ("IEPA") and/or the Unites States Environmental Protection Agency ("USEPA") have determined the WRR is legally obligated to investigate and repair the property damages caused by the unexpected and unintended releases at and around the Lake Calumet Cluster Site.

12. EPA has determined that releases of hazardous materials occurred during the operations of the Lake Calumet Cluster Site. EPA has determined that these releases have caused property damage, including unexpected and unintended environmental damage to soil, groundwater and surface water, at and beyond the Lake Calumet Cluster Site. These releases have occurred continuously since their onset and such releases have caused unexpected and unintended environmental damages at the Lake Calumet Cluster Site during the Policy Period.

13. On or around November 6, 2003, WRR received from USEPA a notice indicating that WRR was a potentially responsible party ("PRP") for the Lake Calumet Cluster Site.

14. On or around November 20, 2003, WRR sent Defendant a letter notifying Defendant of WRR's identification as a PRP and seeking defense and indemnification under the Policy.

15. On or around March 8, 2004, WRR sent Defendant a letter updating Defendant on the status of the Lake Calumet Cluster Site and re-notifying Defendant of WRR's PRP status.

16. On or around August 23, 2004, WRR sent Defendant another update and notification letter to Defendant. At that time, WRR had yet to hear a response from Defendant as to its November 20, 2003 or March 8, 2004 letters.

17. On September 1, 2004, Defendant wrote to WRR in response to WRR's request for defense and indemnity and stated that Defendant would "neither defend nor indemnify" WRR under the Policy due to a purported "absolute" pollution exclusion under the Policy.

18. On or around December 17, 2004, WRR received an initial request from USEPA for reimbursement of costs relating to the clean-up of the Lake Calumet Cluster Site in the amount of $1.3 million.

19. On or around April 11, 2005, WRR sent Defendant a letter requesting Defendant reconsider its position to decline to indemnify and defend WRR under the Policy. Specifically, WRR rejected Defendant's contention that the Policy's purported "absolute" pollution exclusion precluded coverage and noted that the Policy contains a sudden and accidental pollution exclusion upon which coverage is available for unexpected and unintended property damage.

20. On or around May 9, 2005, June 14, 2005, July 11, 2005, August 29, 2005 and October 20, 2005, WRR sent letters to Defendant updating Defendant as to the status of the Lake Calumet Cluster Site and requesting a response from Defendant to WRR's April 11, 2005. WRR received no response from Defendant.

21. On or around October 25, 2005, WRR forwarded a document from USEPA to Defendant regarding the Lake Calumet Cluster Site via electronic mail.

22. On or around, October 26, 2005, Defendant responded to the WRR's October 25, 2005 correspondence noting that it was unaware of WRR or its claim, and requested WRR identify itself and its claim. The October 26, 2005 correspondence did not address WRR's April 11, 2005 letter or request information or materials as to the claim.

23. On or around October 27, 2005, WRR responded to Defendant by identifying itself and its claim and noting that WRR has sent correspondence to Defendant regarding the

6

claim most recently on May 9, 2005, June 14, 2005, July 11, 2005, August 29, 2005 and October 20, 2005.

24. On or around October 27, 2005, Defendant responded to WRR's October 27, 2005 correspondence that the claim had been referred to Joyce Blickley of Admiral Insurance Company. The October 27, 2005 correspondence did not address WRR's April 11, 2005 letter or request information or materials as to the claim.

25. After the October 27, 2005 correspondence from Defendant, WRR continued to send Defendant letters updating Defendant the status of the Lake Calumet Cluster Site and requesting a response to WRR's April 11, 2005 letter. WRR sent notifications and updates to WRR on the following dates: November 21, 2005, January 12, 2006, May 3, 2006, June 12, 2006, August 28, 2006, October 16, 2006, November 1, 2007, November 16, 2007, May 7, 2008, May 21, 2008, May 21, 2008, September 12, 2008, October 2, 2008, October 14, 2008, December 9, 2008, January 23, 2009, March 3, 2009, June 22, 2009, January 14, 2010, and April 1, 2010. WRR has yet to receive a response from Defendant in regards to the April 11, 2005 letter.

26. On or around September 23, 2008, WRR received an updated and renewed request from USEPA for reimbursement of costs relating to the clean-up of the Lake Calumet Cluster Site in the amount of approximately $2.2 million.

27. On or around August 29, 2008, WRR received a request from IEPA for reimbursement of costs relating to the clean-up of the Lake Calumet Cluster Site in the amount of approximately $11.9 million.

X:\CLIENTB\094296\0007\A4066791.2

Case 2:10-cv-00843-RTR   Filed 10/31/13   Page 5 of 10   Document 55-1

28. WRR has paid damages and will pay further damages in the future in fulfillment of its legal obligations to investigate and repair property damage and otherwise mitigate further property damage caused by the Lake Calumet Cluster Site.

29. Defendant, under the Policy, is obligated to indemnify and defend WRR for all sums which WRR has paid, may pay or may become legally obligated to pay in connection with the environmental investigation and remediation of the property damage caused at and around the Lake Calumet Cluster Site.

30. By taking almost ten (10) months to respond to WRR's initial claim notification letter of November 20, 2003, and having yet to respond to WRR's April 11, 2005 letter, despite numerous efforts by WRR to update Defendant, Defendant has, in bad faith, failed to adequately investigate the facts and circumstances WRR's claim for indemnification and defense under the Policy.

31. The unexpected and unintended environmental damages to Lake Calumet Cluster Site occurred continuously since the onset of unexpected and unintended releases of hazardous substances and constitutes an occurrence or occurrences within the meaning of the Policy.

32. WRR has complied with the conditions of the Policy and/or such conditions have been satisfied, waived or are subject to an estoppel, or the Defendant has not been prejudiced by any non-compliance with any such conditions.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment)

33. WRR incorporates as is fully set forth herein the allegations of paragraphs 1 through 32.

34. WRR provided notice to Defendant of the property damage claims of USEPA and IEPA caused by the Lake Calumet Cluster Site. Defendant issued the Policy to WRR including

without limitation those policies identified above, which WRR contends provides coverage for the environmental damages at the Lake Calumet Cluster Site.

35. Upon information and belief, Defendant contends that no coverage is afforded by the Policy for some or all of the property damage claims in connection with the Lake Calumet Cluster Site.

36. An actual controversy exists between WRR and Defendant as to the nature and extent of coverage afforded by the Policy for the claims described in this Complaint, which controversy is ripe for judicial determination pursuant to § 806.04, Wis. Stats. All parties with an interest in the present controversy have been named as parties and the declaratory relief requested would terminate the controversy giving rise to this action.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

37. WRR incorporates as if fully set forth herein the allegations of paragraphs 1 through 36.

38. The Policy is a valid and enforceable contract for insurance between Defendant and WRR.

39. WRR has provided notice of the property damage claims caused at and around the Lake Calumet Cluster Site to Defendant, requested defense and indemnification, and has complied with its obligations, including any conditions precedent, under the Policy.

40. WRR has requested that Defendant comply with its obligation to WRR under the Policy to defend and indemnify WRR for the property damage claims made in connection with the Lake Calumet Cluster Site.

9

41. Defendant breached its obligations to WRR under the Policy with regard to liabilities arising from Lake Calumet Cluster Site by, among other things, wrongfully denying coverage.

42. As a direct and proximate result of Defendant's breach of contract, WRR has sustained and will sustain monetary damages in an amount to be determined at trial for which WRR is entitled to be compensated.

## THIRD CAUSE OF ACTION
### (Bad Faith)

43. Plaintiffs incorporate the allegations of paragraphs 1 through 42 above as if fully stated herein.

44. Defendant owed a duty to WRR at all times relevant to exercise ordinary care in the handling of WRR's claim to the end that WRR's interest would be protected.

45. Defendant owed a duty to WRR at all times relevant to act fairly and reasonably toward WRR at all stages of Defendant's investigation and in the handling of the defense of WRR's claim.

46. Admiral breached those and other duties.

47. In failing to perform the duties it owed to WRR, Defendant demonstrated a significant disregard of WRR's rights and economic interests.

48. Defendant wrongfully denied coverage without adequately investigating the facts upon which the claims are based, and without determining the terms of the relevant insurance policies. Defendant failed to apply the very terms of the policy it issued to the Policy. In addition, Defendant acted callously and with complete disregard of its commitments to the plaintiff, and unreasonably failed to consider pertinent facts.

49. Defendant has refused to provide coverage to WRR in connection with environmental investigation and remediation without reasonable basis, knowing or recklessly failing to ascertain that it has a duty to defend those claims. As a result, WRR has been compelled to file this action to obtain the insurance coverage to which it is entitled while simultaneously dealing with IEPA and the USEPA in the underlying investigations and remediations.

50. WRR has sustained substantial damages in an amount to be determined at trial, including without limitation attorneys' fees and costs incurred to defend the underlying claims and to prosecute this action.

51. Defendant's refusal to defend and provide coverage to WRR is malicious and outrageous, as it directly contravenes established principles of Wisconsin insurance law. By reason of Defendant's wrongful conduct and bad faith, WRR is entitled to an award of punitive damages.

## FOURTH CAUSE OF ACTION
**Breach of the Duty of Good Faith and Fair Dealing)**

52. Plaintiff incorporates the allegations of paragraphs 1 through 51 above as if fully stated herein.

53. WRR and Defendant entered into a contractual relationship with each other, wherein an implied covenant of good faith and fair dealing was automatically incorporated as a term of that contract under which Defendant was required to act in good faith and deal fairly with WRR.

54. Defendant failed to exercise good faith in the performance, enforcement, or carrying out the terms of one or more of its obligations under the Policy and otherwise failed to endeavor to accomplish the objective of the Policy.

11

55. Defendant breached this duty when it denied coverage without adequately investigating the facts upon which the claims are based; without determining the terms of the relevant insurance policies; failed to apply the very terms of the policy it issued to the Policy; acted callously and with complete disregard of its commitments to the plaintiff; and unreasonably failed to consider pertinent facts.

56. WRR has been damaged by Defendant's breach of the implied duty of good faith and fair dealing in an amount to be proven at trial.

**WHEREFORE**, WRR requests Judgment on its Complaint as follows:

1. An order declaring the rights and obligations of WRR and Defendant under the relevant insurance policies issued by Defendant with regard to liabilities arising from the Lake Calumet Cluster Site;

2. A judgment for damages, including consequential and incidental damages, in an amount to be determined at trial;

3. Punitive damages; and

4. An award of reasonable attorneys' fees, costs, disbursements, interest and such other relief to which WRR is entitled at law or in equity.

Dated this 27th day of August 2010.

MICHAEL BEST & FRIEDRICH LLP
Attorneys for Plaintiff

By: _____
Timothy M. Hansen, SBN 1044430
tmhansen@michaelbest.com
Raymond R. Krueger, SBN 1000642
rrkrueger@michaelbest.com
Michelle M. Wagner, SBN 1076065
mmwagner@michaelbest.com
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI 53202-4108
Tel: (414) 271-6560
Fax: (414) 277-0656

12