# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WRR ENVIRONMENTAL SERVICES, INC.**

    Plaintiff,

    v.                                                                             Case No. 10-C-843

**ADMIRAL INSURANCE COMPANY,**

    Defendant.

# DECISION AND ORDER

## Procedural Background

This action arises out of Plaintiff WRR Environmental Services' ("WRR") request that Defendant Admiral Insurance Company ("Admiral") defend and provide coverage and indemnification under a general comprehensive liability policy issued by Admiral. WRR's request was based on a notice issued by the United States Environmental Protection Agency ("EPA") that it was a potentially responsible party ("PRP") for a Chicago, Illinois site known as the Lake Calumet Cluster Site ("LCCS"). WRR, a Wisconsin corporation operating a hazardous waste facility in Eau Claire, Wisconsin, purchased the policy to satisfy federal regulatory requirements and obtained a "Hazardous Waste Facility Certificate of Liability Insurance" (the "certificate") which was accepted by the EPA.

Since its inception this action has focused on whether Admiral has any

obligation under the policy to defend and/or indemnify WRR with respect to the LCCS site. (*See* Compl.) (ECF No. 1-2.) The parties agreed that the first phase of the action would be limited to issues relating to the formation and interpretation of the insurance contract, including the Absolute Pollution and Contamination Exclusion Endorsement (the "Absolute Pollution Exclusion"), and that the first dispositive motion deadline would relate only to those issues. (ECF Nos. 19, 20.) The parties also agreed that, if needed after resolution of the first phase dispositive motion(s), the Court would conduct a supplemental scheduling conference to set additional dates for the completion of discovery on the remaining issues relating to damages, bad faith, breach of good faith and fair dealing, waiver and estoppel, and any other issues. (ECF Nos. 19, 42.)

During the first phase, Admiral sought summary judgment dismissing WRR's four-count Complaint for declaratory judgment, breach of contract, bad faith, and breach of the duty of good faith and fair dealing; and granting its declaratory judgment counterclaim finding it had no duty to defend or to provide coverage or indemnification. (ECF No. 24.) WRR sought partial summary judgment that as a matter of law the Absolute Pollution Exclusion does not bar WRR's claims. (ECF No. 25.) The Court issued a decision holding:

> The certificate is essentially a promise by Admiral to WRR and the EPA that the policy would cover third parties for sudden accidental occurrences. To the extent that this promise is inconsistent with the pollution exclusion, the latter must give way to the former. Issuing the exclusion was a mistake that contradicts the intent of the contracting parties. . . . *The failure to provide the requested coverage (i.e., the contradictory inclusion of the absolute pollution exclusion) is a mutual mistake requiring reformation.*

(Court's September 7, 2012, Decision & Order, 4-5.) (ECF No. 35.) The Court did not further describe the reformed document; however, the decision was premised on the conflict between the Absolute Pollution Exclusion and the certificate.

Shortly thereafter Admiral filed a motion for clarification. (ECF No. 38.) The Court denied the motion, stating that the Decision and Order did not require clarification and that the first phase of the action, limited to issues relating to the formation and interpretation of the insurance contract — including the Absolute Pollution Exclusion, was complete. (ECF No. 42.)

The matter is before the Court on the parties' second round of summary judgment motions. (ECF Nos. 53, 56.) In a diversity case, a federal court must apply the applicable state's law as enunciated by the highest state court or otherwise by the intermediate appellate courts of the state. *Kutsugeras v. AVCO Corp.,* 973 F.2d 1341, 1346 (7th Cir. 1992*); see also Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938). The parties are in apparent

agreement that the substantive law of Wisconsin applies.

## Summary Judgment Standard

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The plain language of the rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The Court must accept as true the evidence of the nonmovant and draw all justifiable inferences in his favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). Summary judgment is appropriate only if, on the record as a whole, a rational trier of fact could not find for the non-moving party. *Rogers v. City of Chi.,* 320 F.3d 748, 752 (7th Cir. 2003). When confronted by cross-motions for summary judgment, "inferences are drawn in favor of the party against whom the motion under consideration was made." *McKinney v. Cadleway Prop., Inc.,* 548 F.3d 496, 500 (7th Cir. 2008).

## Relevant Facts[1]

Admiral issued a comprehensive general liability insurance policy to WRR for the period May 1, 1983 through May 1, 1984 (the "policy"). One month after the effective date of the policy, Admiral sent WRR the Absolute Pollution Exclusion which provides:

> It is hereby understood and agreed that this insurance does not apply to bodily injury or property damage arising out of the discharge, disbursal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water.

(Compl. p. 31.) The exclusion does not contain an exception.

However, the parties mutually modified the policy with the certificate, which certified that Admiral "ha[d] issued liability insurance covering bodily injury and property damage to [WRR], the 'insured,' . . . in connection with the insured's obligation to demonstrate financial responsibility under 40 CFR [§§] 264.147 or 265.147. The coverage applie[d] at . . . [WRR] . . . Eau Claire, WI

---

[1] The relevant facts are largely based on the parties' proposed statements of fact, to the extent that they are undisputed. Admiral objects to various documents, including the certificate, as being unauthenticated and inadmissible hearsay. The certificate was produced in response to WRR's discovery request as part of Admiral's underwriting file. Accordingly, the certificate constitutes a party admission and is not hearsay. Fed. R. Evid. 801(d)(2); *F.T.C. v. Hughes*, 710 F. Supp. 1520, 1523 (N.D. Tex. 1989). Moreover, the underwriting file falls under the ancient document exception because it is more than 20 years old. Fed. R. Evid. 901(b)(8); Fed. R. Evid. 803(16).

WRR also objects to the documents proffered by Admiral because none of the facts or exhibits are supported by affidavit or declaration as required by Rule 56(c)(2); however, WRR acknowledges that Admiral relies on many of the same documents which WRR has authenticated through declaration. Thus, it only objects to the documents which have never been properly authenticated in this action.

for 'sudden accidental occurrences.'" (Compl. p. 37.)

WRR received a notice from the EPA dated November 6, 2003, that pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") it was a PRP for LCCS as an owner, operator or person "who generated the hazardous substances or were involved in transport, treatment or disposal of them at the Site." (*See* Janczewski Decl., Ex. A p. 3.) (ECF No. 58-1.) The notice states that the CERCLA action against WRR and the other PRPs is for "the release or threatened release of hazardous substances, pollutants and contaminants" at the LCCS site. (*Id.*) WRR subsequently received requests from the EPA for reimbursement of costs relating to the clean-up of LCCS.

WRR first tendered its claim to Admiral on November 20, 2003, seeking a defense and indemnification for clean-up of LCCS. Admiral responded that based on the policy's Absolute Pollution Exclusion it did not owe WRR a defense and/or indemnification for the claim

On August 27, 2010, WRR filed this action in Milwaukee County Circuit Court. Admiral responded by removing the action to this federal district court, invoking diversity jurisdiction afforded by 28 U.S.C. § 1332. Admiral filed an answer asserting two affirmative defenses — waiver and estoppel — and a counterclaim seeking a declaration that WRR's LCCS claim is not covered under the express terms of the Policy, including the Absolute

Pollution Exclusion. Admiral continues to refuse to provide a defense, even under a reservation of rights.

WRR also tendered the LCCS claim to several of its other insurers, including Evanston Insurance Co. ("Evanston"), Mt. McKinley Insurance Co. ("Mt. McKinley") and National Union Fire Insurance Co. of Pittsburgh ("National Union"), all of which have provided WRR with a defense or reimbursement for the costs of its defense in connection with the LCCS claim. There is a factual dispute between Admiral and WRR regarding whether Evanston, Mt. McKinley and National Union have paid all of WRR's legal fees.

Prior to 2003, Admiral provided WRR a defense under the same policy in a similar EPA site located in Griffith, Indiana. In 1998 Admiral filed a declaratory judgment case against WRR in the Western District of Wisconsin, Case No. 98-C-0713S (the "1998 action"), seeking a judicial determination that it had no duty to defend or indemnify WRR under the policy in connection with claims asserted against WRR in an environmental liability case relating to the Griffith, Indiana site. Admiral denied that it owed WRR a defense or indemnity based on the Absolute Pollution Exclusion Admiral asserted was contained in the policy.

The 1998 action was resolved by a "Settlement and Release," dated May 4, 1999. (Def. Statement of Facts, Ex. K p. 5 (Admiral's 2nd Requests for

Admission and WRR's Resp. to Admiral's 2nd Requests) (ECF No. 55-11.) Under the agreement, WRR "fully and irrevocably release[d], acquit[ted] and discharge[d] Admiral from all past, present and future liabilities, duties or obligations under the Policy for any and all Environmental Claims arising from the Sites or the [Griffith, Indiana] Site Litigation." (*Id.,* Ex. K at ¶ 3.2.) The "Sites" to which the Settlement and Release applied included the "WRR Eau Claire Facility." (*Id.*)

## Analysis

WRR seeks partial summary judgment declaring that Admiral has breached its duty to defend under the policy and must indemnify it for all costs and damages associated with WRR's investigation and remediation of LCCS. In the alternative WRR seeks an order striking Admiral's affirmative defenses under Fed. R. Civ. P. 12(f) and entering summary judgment on Count I of its Complaint declaring that Admiral owes WRR the duties of defense and indemnification.

Admiral seeks summary judgment holding that regardless of whether the policy is read in its original form or as reformed by the Court, the policy excludes coverage for the LCCS claim and Admiral had no duty to defend that claim. Additionally, Admiral asserts that the claim is barred by the settlement agreement in the 1998 action. Admiral also contends that WRR had no damages in any event.

In opposing Admiral's summary judgment motion, WRR contends that Admiral is taking a second or third attempt at addressing a single issue. "A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988) (citation omitted); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

The decision to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.,* 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation, and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous. *United States v. Harris,* 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chicago,* 486 F.3d 294, 301 (7th Cir. 2007).

Admiral reargues the reformation issue, and it also argues that the certificate relates to the WRR Eau Claire Facility, not the LCCS site.

Admiral's reformation argument does not reflect a change in the law or establish that the Court made a mistake in resolving the summary judgment motions. Admiral has not established a compelling reason for the Court to alter its prior ruling regarding reformation.

However, the record contains no facts indicating that the certificate, which relates to the WRR Eau Claire Facility, provides coverage for LCCS. The Court held that the whole purpose of the certificate was to provide coverage to third parties for sudden accidental occurrences. However, the certificate only relates to the WRR Eau Claire Facility. The Court did not redraft the entire certificate, which is what would be required to provide coverage for LCCS. Thus, the Court now holds that Admiral does not have a duty to provide coverage under the policy as reformed to include the certificate.

The Court's ruling on coverage does not, however, dispose of WRR's claim that Admiral had a duty to defend it under the policy.

> "[T]he duty to defend is generally acknowledged to be *broader than the insurance company's duty to pay. . . .*" [John N.] Bolus, [Contractual Liability Insurance Provisions: An Overview, in Reference Handbook on the Comprehensive General Liability Policy: Coverage Provisions, Exclusions, and Other Litigation Issues] 43 [(Peter J. Neeson ed. 1995)] (emphasis added). "Generally, the duty to defend is broader than the duty to indemnify." Arnold P. Anderson, *Wisconsin Insurance Law* 212 (3d ed. 1990) (citing *Colton v. Swain,* 527 F.2d 296 (7th Cir.

1975)) (emphasis added).

*Johnson Controls, Inc. v. Employers Ins. of Wausau,* 264 Wis. 2d 60, 665 N.W.2d 257, 283 (Wis. 2003). Insurers have a duty to defend an insured who receives a PRP letter from the EPA or an equivalent state agency seeking remediation or remediation costs, provided the insured has coverage for the claim under the [comprehensive general liability ("CGL")] policy. *Id*. at 285. "[A]n insured's costs of restoring and remediating damaged property, whether the costs are based on remediation efforts by a third party (including the government) or are incurred directly by the insured, are covered damages under applicable CGL policies, provided that other policy exclusions do not apply." *Id*. at 263-64.

An insurer has a duty to defend if coverage is arguable or fairly debatable, and any doubts are resolved in favor of the insured. *Sawyer v. West Bend Mut. Ins. Co.,* 343 Wis. 2d 714, 821 N.W.2d 250, 255 (Wis. Ct. App. 2012). Insurers must defend when the facts alleged in the four corners of the complaint, if proven, would constitute a covered claim. *Id.* In other words, the duty to defend hinges on the nature, not the merits, of the claims. *Sch. Dist. of Shorewood v. Wausau Ins. Co.,* 170 Wis. 2d 347, 488 N.W.2d 82, 87 (Wis. 1992). The duty to defend is necessarily broader than the duty to indemnify because the duty to defend is triggered by "arguable, as opposed to actual, coverage." *Johnson Controls, Inc. v. London Mkt.,* 325 Wis. 2d 176, 784

N.W.2d 579, 586 (Wis. 2010); *Fireman's Fund Ins. Co. of Wis. v. Bradley Corp.,* 261 Wis. 2d 4, 660 N.W.2d 666, 674 (Wis. 2003). "[I]f the language of a policy is ambiguous, susceptible of more than one reasonable interpretation, we will construe it narrowly, against the insurer, and in favor of coverage." *Liebovich v. Minn. Ins. Co.,* 310 Wis. 2d 751, 751 N.W.2d 764, 771 (Wis. 2008).

In this case, the EPA sent a PRP letter to WRR and WRR gave notice of the claim to Admiral. However, the parties disputed the terms and conditions of the Policy. Admiral argued that the Absolute Pollution Exclusion barred coverage. WRR argued that the Absolute Pollution Exclusion did not control because WRR's entire purpose in purchasing the policy in the first instance was to cover itself for damage caused by pollution consistent with the EPA's financial responsibility requirements.

Thus, when it gave notice of the claim, WRR had "arguable" coverage under the policy. If coverage is "arguable," an insurer has a duty to defend. It is only when the insurer obtains a declaration of non-coverage that its duty to defend terminates. *See Soc'y Ins. v. Bodart,* 343 Wis. 2d 418, 819 N.W.2d 298, 301 (Wis. Ct. App. 2012) ("An insurer's duty to defend ends after all at least arguably covered claims are settled and dismissed.") Thus, construing the facts before the Court in the light most favorable to the non-movant, WRR, the Court concludes that Admiral had a duty to defend WRR until issuance of this decision.

Admiral also asserts that WRR's action is barred based on the settlement agreement between the parties entered in the 1998 action. WRR asserts that Admiral should be barred from raising a new affirmative defense. Admiral contends that the settlement agreement defense falls within the two affirmative defenses of waiver and estoppel raised in its answer, but it cites no cases or legal authority.

Admiral's affirmative defenses allege:

> WRR is not entitled to relief on some or all of its claims because it has waived any right to defense or indemnity pursuant to the Admiral policy and its action subsequent to the issuance of the policy.
> . . .
> WRR is not entitled to relief on some or all of its claims because it is equitably estopped from asserting those claims against Admiral based on the terms, conditions and limits of the policy, and WRR's actions and inactions.

(Ans. p 9.) (ECF No. 8.)

In order to prevail on a defense of equitable estoppel, the party asserting the defense must prove action or non-action by the party against whom estoppel is asserted that induces reasonable reliance by the party asserting estoppel to that party's detriment. *Kamps v. Wis. Dep't of Rev.,* 264 Wis. 2d 794, 663 N.W.2d 306, 314 (Wis. Ct. App. 2003). Under Wisconsin law, the general rule is that estoppel is not available when the parties have entered into a contract that describes their rights and responsibilities. *See*

*Kramer v. Alpine Valley Resort, Inc.,* 108 Wis. 2d 417, 321 N.W.2d 293, 296 (Wis. 1982) (A contract that embodies all of the essential terms of an agreement between the parties is "a complete defense to the cause of action based on promissory estoppel or a defense of estoppel" (Citation omitted)).

Here, the doctrine of equitable estoppel is not applicable, given that the parties entered into a settlement agreement — which is a contract between the parties to the litigation. *See Carr v. Runyan,* 89 F.3d 327, 331 (7th Cir. 1996); *see also, Topolski v. Topolski,* 335 Wis. 2d 327, 802 N.W.2d 482, 489-92 (Wis. 2011).

The argument that the waiver defense encompasses a settlement is reasonable. *See King v. Kramer,* 13-2379, 2014 WL 3954028, at *4 (7th Cir. Aug. 14, 2014) (Stating "waiver is difficult to define sharply, in part because 'waiver is a flexible concept with no definite and rigid meaning' that is 'generally defined as an intentional relinquishment of a known right,' but which is often construed as 'an equitable principle used by courts to avoid harsh results when a party has conducted itself in such a way as to make those results unfair.'" (Citation omitted)). Admiral's contention that WRR waived any defense by Admiral when it entered into the 1998 settlement agreement is within the scope of Admiral's waiver defense. However, the substance of Admiral's affirmative defense based on the 1998 settlement agreement fails because the agreement does not establish that WRR waived

defense or coverage pertaining to this lawsuit. Five sites are listed in the settlement agreement, and LCCS is not included in the list. Therefore, WRR did not waive Admiral's obligations with respect to the LCCS site.

Admiral also asserts that WRR did not sustain any damages. However, given the genuine dispute of material fact summary judgment on the issue is denied.

Based on the foregoing, WRR's motion for partial summary judgment is granted to the extent it is entitled to declaratory judgment that Admiral breached its duty to defend. Admiral's motion for summary judgment is granted to the extent that it has no duty to indemnify WRR, and as of this date its duty to defend WRR has ended.

The Court will conduct a supplemental status conference to set the dates for the final pretrial conference and jury trial of this matter on the remaining issues.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

WRR's motion for summary judgment (ECF No. 56) is **GRANTED** to the extent that it is entitled to declaratory judgment that Admiral breached its duty to defend, and **DENIED** in all other respects.

Admiral's motion for summary judgment (ECF No. 53) is **GRANTED** to the extent that it has no duty to indemnify WRR and as of this date its duty

to defend WRR has ended, and **DENIED** in all other respects.

The parties **MUST PARTICIPATE** in a supplemental telephonic status conference on **October 7, 2014, at 9:30 a.m. (Central Time)** to set the dates of the final pretrial conference and the 2015 jury trial on the remaining issues.

Dated at Milwaukee, Wisconsin, this 23rd day of September, 2014.

BY THE COURT:

_____
HON. RUDOLPH T. RANDA
U.S. District Judge