# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WRR ENVIRONMENTAL SERVICES, INC.,**

    Plaintiff,

-vs-                                    Case No. 10-C-843

**ADMIRAL INSURANCE COMPANY,**

    Defendant.

# DECISION AND ORDER

This Decision and Order address five pending motions in limine filed in advance of the final pretrial conference and the four-day damages jury trial in this case. (EFC Nos. 70 through 74.) Upon the parties' joint request, final pretrial and jury trial dates were adjourned until the motions were resolved. (ECF No. 78.) This decision resolves the motions; consequently, the Court will conduct a supplemental telephone scheduling conference with the parties on March 25, 2015, at 9:30 a.m. to reschedule the final pretrial conference and jury trial dates.

## Background

Since four of the motions relate to substantive damage issues, an outline provides helpful background. This action arises from a request from the insured, Plaintiff WRR Environmental Services ("WRR"), a

Wisconsin corporation operating a hazardous waste facility in Eau Claire, Wisconsin, that Defendant Admiral Insurance Company ("Admiral") defend and provide coverage and indemnification under a general comprehensive liability policy.  WRR made the request in response to written notification by the United States Environmental Protection Agency ("EPA") that WRR was a potentially responsible party ("PRP") for the Lake Calumet Cluster Site (the "LCCS"), a Chicago, Illinois hazardous waste site.  WRR bought the policy to satisfy federal regulatory requirements and obtained a "Hazardous Waste Facility Certificate of Liability Insurance" (the "certificate") that the EPA accepted in satisfaction of its requirements.

This litigation has focused on whether Admiral has any obligation under the policy to defend and/or indemnify WRR with respect to the LCCS site.  (*See* Compl.) (ECF No. 1-2.)  At the parties' suggestion, the action was divided into two phases.

During the first phase Admiral sought summary judgment dismissing WRR's four-count Complaint for declaratory judgment, breach of contract, bad faith, and breach of the duty of good faith and fair dealing; and granting its declaratory judgment counterclaim finding that it had no duty to defend or to provide coverage or indemnification.  (ECF No. 24.)  WRR sought partial summary judgment that as a matter of law the

Absolute Pollution Exclusion does not bar WRR's claims. (ECF No. 25.)

The Court issued a decision holding:

> The certificate is essentially a promise by Admiral to WRR and the EPA that the policy would cover third parties for sudden accidental occurrences. To the extent that this promise is inconsistent with the pollution exclusion, the latter must give way to the former. Issuing the exclusion was a mistake that contradicts the intent of the contracting parties. . . . The failure to provide the requested coverage (i.e., the contradictory inclusion of the absolute pollution exclusion) is a mutual mistake requiring reformation.

(Court's September 7, 2012, Decision & Order, 4-5.) (ECF No. 35.) The Court did not further describe the reformed document; however, the decision was premised on the conflict between the Absolute Pollution Exclusion and the certificate.

Shortly thereafter Admiral filed a motion for clarification. (ECF No. 38.) The Court denied the motion, stating that the Decision and Order did not require clarification and that the first phase of the action, limited to issues relating to the formation and interpretation of the insurance contract — including the Absolute Pollution Exclusion, was complete. (ECF No. 42.)

During the second phase the parties filed another round of summary judgment motions. WRR sought partial summary judgment (ECF No. 56)

declaring that Admiral had breached its duty to defend under the policy and must indemnify WRR for all costs and damages associated with its investigation and remediation of the LCCS. In the alternative WRR sought an order striking Admiral's affirmative defenses under Fed. R. Civ. P. 12(f) and entering summary judgment on Count I of its Complaint declaring that Admiral owes WRR the duties of defense and indemnification.

Admiral sought summary judgment (ECF No. 53) holding that regardless of whether the policy is read in its original form or as reformed by the Court it excludes coverage for the LCCS claim, and Admiral had no duty to defend that claim; WRR's claim is barred by the settlement agreement in the 1998 action; and WRR had no damages.

By a September 23, 2014, Decision and Order the Court granted WRR's motion for partial summary judgment to the extent that it found WRR is entitled to declaratory judgment that Admiral breached its duty to defend, and denied the motion in all other respects. Admiral's motion for summary judgment was granted to the extent that the Court held that it has no duty to indemnify WRR, and as of September 23, 2014, its duty to defend WRR ended. (ECF No. 66, 15-16.) Admiral's motion was denied in all other respects.

Now the parties seek rulings as to the admissibility of damages evidence. Throughout this diversity action the parties have implicitly agreed that Wisconsin substantive law is applicable; they disagree regarding its interpretation/application to the issues presented. In applying Wisconsin law, the Court would generally apply the law of the Wisconsin Supreme Court. *Home Valu, Inc. v. Pep Boys,* 213 F.3d 960, 963 (7th Cir. 2000). If, however, "the Wisconsin Supreme Court has not spoken on the issue," the Court must treat "decisions by the state's intermediate appellate courts as authoritative 'unless there is a compelling reason to doubt that [those] courts have got the law right.'" *Id.* (citations omitted). Moreover, if the Court is "faced with two opposing and equally plausible interpretations of state law, '[it] generally [should] choose the narrower interpretation which restricts liability, rather than the more expansive interpretation which creates substantially more liability.'" *Id.*

Based on the finding that Admiral breached its duty to defend WRR for the investigation and remediation of LCCS, Admiral is responsible for "all damages that naturally flow from the breach" of its duty to defend. *Newhouse v. Citizens Sec. Mut. Ins. Co.,* 176 Wis. 2d 824, 837, 501 N.W.2d 1, 6 (Wis. 1993). "Damages which naturally flow from an insurer's breach of its duty to defend include: (1) the amount of the judgment or settlement

against the insured plus interest; (2) costs and attorney fees incurred by the insured in defending the suit; and (3) any additional costs that the insured can show naturally resulted from the breach." *Id.* "The insurance company must pay damages necessary to put the insured in the same position he would have been in had the insurance company fulfilled the insurance contract. Policy limits do not restrict the damages recoverable by an insured for a breach of the contract by the insurer.*"* *Id.* at 7 (citations omitted.) The proper measure of damages for an insurer's breach of its contractual duty to defend is a legal question. *Loosmore v. Parent,* 237 Wis. 2d 679, 613 N.W.2d 923, 927 (Wis. Ct. App. 2000) (citing *Newhouse,* 501 N.W.2d 1.)

## I. Evidence Regarding WRR's Liability for Damages and the Settlement of the LCCS Claim

Admiral moves to preclude WRR from presenting any evidence of its liability for damages or the settlement of the LCCS claim. Admiral asserts that WRR was not made worse off in defending the LCCS claim because it selected its own attorney who was either paid or reimbursed almost entirely by multiple other insurers, and that any additional amounts paid as damages or in settlement of WRR's liabilities for the LCCS claim were not paid by WRR; consequently, such evidence is irrelevant and

inadmissible under Fed. R. Evid. 402.

Wisconsin state courts have included the amount of a settlement when calculating damages flowing from a breach of the duty to defend. *See Maxwell v. Hartford Union High Sch. Dist.,* 341 Wis. 2d 238, 814 N.W.2d 484, 496 (Wis. 2012); *S.E. Wis. Prof'l Baseball Park Dist. v. Mitsubishi Heavy Indus. Am., Inc.,* 304 Wis. 2d 637, 738 N.W.2d 87, 98 (Wis. Ct. App. 2007); *Loosmore*, 613 N.W.2d at 929-30; *Radke v. Fireman's Fund Ins. Co.,* 217 Wis. 2d 39, 577 N.W.2d 366, 371 (Wis. Ct. App. 1998). Admiral's position is not supported by the controlling Wisconsin law, and therefore its motion to preclude WRR from presenting any evidence of its liability for damages or the settlement of the LCCS claim is denied**.**

## II. Evidence of WRR's Attorney's Fees in Litigating Coverage

Relying upon Rule 402, Admiral moves to preclude WRR from presenting evidence of attorney's fees it incurred litigating the coverage issue. Admiral asserts that because this Court held Admiral does not have a duty to provide coverage under the Policy, the attorneys' fees and costs WRR incurred in litigating this action are not recoverable and should be excluded.

As prescribed by the Wisconsin Supreme Court, the proper procedure for an insurance company when coverage is disputed is to

defend under a reservation of rights or seek a bifurcated trial on the issues of coverage and liability and move to stay any proceedings on liability until the issue of coverage is resolved. *Elliott v. Donahue,* 169 Wis. 2d 310, 485 N.W.2d 403, 406 (Wis. 1992). "If the insurance company refuses to defend, it does so at its own peril." *Id.* at 407. Admiral did not follow the appropriate procedure. Instead, WRR brought this action, and the Court determined that Admiral had a duty to defend WRR which did not end until the Court's September 23, 2014, finding of non-coverage.

When an insurer breaches its duty to defend, "the insurer is guilty of a breach of contract which renders it liable to the insured for all damages that naturally flow from the breach." *Newhouse,* 501 N.W.2d at 6. Damages "naturally flowing from the breach" include the legal expenses incurred in establishing coverage. *Loosmore*, 613 N.W.2d at 929.

Admiral asserts that the Court's order finding no indemnity coverage under the policy bars WRR's recovery of attorney fees. However, Admiral's assertion does not address defense coverage. Again, the duty to defend is broader than the duty to indemnify, and coverage for defense may occur in situations such as this where indemnity coverage ultimately is lacking. *See Liebovich v. Minn. Ins. Co.*, 299 Wis. 2d 331, 728 N.W.2d 357, 360 (Wis. Ct. App. 2007).

*Liebovich* was an appeal from a summary judgment decision finding that the insurer did not have a duty to defend and did not have a duty to indemnify under the relevant policy. The appellate court found that the insurer had breached its duty to defend because coverage under the policy was debatable, *id.* at 363-64, however it upheld the finding of no indemnity coverage, *id.* at 365.

In remanding the case for a determination of damages, the appellate court stated that the insurer's breach of the duty to defend required that it "compensate [the insured] for the reasonable cost of that defense, along with the judgment against him and his expenses in successfully establishing coverage." *Id.*. Explaining the reasoning for awarding attorneys' fees to the insured who successfully establishes defense coverage *Liebovich* states:

> [W]here the insurer breaches its duty to defend, the system seeks to put the insured in the same position he or she would have been had the insurer performed its duties; one of the bedrock principles of contract law. Since insurance companies are sophisticated repeat players in the legal system, it makes sense to place the onus of deciding whether to participate in a case upon them, rather than upon the insured. Further, an individual who has paid insurance premiums is entitled to a defense; that is what the premiums are for. It makes no sense to require, as a matter of course, that insured individuals sue their

insurers to get what they paid for.

*Id.* at 361, n.2.

This case is analogous to *Liebovich*. If not for Admiral's breach of its duty to defend, WWR could have avoided bringing this action and its related attorney fees. Unless WRR recovers the attorney fees incurred in bringing this action, it will not be in the position it would have been had Admiral provided its defense. Therefore, Admiral's motion to preclude WRR from presenting evidence of its attorney fees in ligating the coverage issue is denied.

**III.  Evidence of Damages for Defense Costs Not Incurred By WRR or that Were Reimbursed**

Admiral moves to exclude evidence of damages for defense costs WRR did not incur, or for which it was reimbursed by non-breaching insurers. Relying on *Acuity v. Bagadia,* 302 Wis. 2d 228, 734 N.W.2d 464 (Wis. Ct. App. 2007), WRR asserts that the request is contrary to Wisconsin law and its strong policy in favor of the insured.

*Acuity* affirmed a declaratory judgment that the insurer had a duty to defend and was not entitled to a discount in damages for the amount paid by a different insurer. The appeals court stated that the third-party insurer was "not a party to this action, and there has apparently been no

final determination of [the third-party insurer]'s legal obligations . . . . It may well be that ultimately [the breaching insurer] is responsible for less than all of the judgment, but the record before us (which does not even include the [third-party insurer's] policy) does not allow us to determine who owes what." *Id.* at 472. In this case, like *Acuity*, the nonbreaching insurers are not parties, and they are defending under a reservation of rights which may entitle them to dispute coverage at any time.

Wisconsin law is unsettled with regard to whether nonbreaching insurers may attempt to recoup their defense payments made under the duty to defend while maintaining the right to later contest coverage. *See Appleton Papers, Inc. v. George A. Whiting Paper Co.,* No. 08-C-16, 2009 WL 62988, at *3 (E.D. Wis. Jan. 8, 2009) (stating that an insurer "may be able to seek reimbursement of [defense] expenses from its insured in the event no coverage is found."). If the insurers challenge coverage, prevail, and seek reimbursement for defense payments, WRR may not retain the benefit of those payments. Because there has been "no final determination" of the nonbreaching insurers' legal obligations, there can be no determination, in this case, of "who owes what." Therefore, any amounts paid by nonbreaching insurers may not be deducted from damages that WRR may recover from Admiral. *See Acuity,* 734 N.W.2d at

472.

Furthermore, WRR intends to prove that since 2004 it has paid its attorneys for legal services using its own funds. Subsequently, WRR's insurers reimbursed it for a portion of its legal fees. If WWR establishes the foregoing, it would be entitled to recover any difference in those amounts.

Admiral maintains that the Court should reduce WRR's damages amount by the portion paid by the nonbreaching insurers to avoid a "windfall." However, this is a defense, and Admiral has burden of proving the amount by which WRR's damages should be reduced. *See generally Teff v. Unity Health Plans Ins. Corp.,* 265 Wis.2d 703, 666 N.W.2d 38, 50-51 (Wis. Ct. App. 2003).

Admiral also relies on *Hamlin, Inc. v. Hartford Acc. & Indem. Co.,* 86 F.3d 93 (7th Cir. 1996). However, as observed in *Link Snacks, Inc. v. Fed. Ins. Co.,* 664 F. Supp. 2d 944, 958 (W.D. Wis. 2009), "the discussion in *Hamlin* was itself dicta because the court concluded that the insurance company had not breached its duty to defend in that case."[1] *Acuity* was

---

[1] *Link Snack* dismissed *Hamlin*'s discussion and followed Wisconsin case law to determine that the insurer could not argue against coverage of the underlying claim because the insurer breached its duty to defend. *Id.* The Court recognizes that *Link Snacks* is not a binding decision; however, it concurs with the analysis. *See Gould v. Bowyer,* 11 F.3d 82, 84 (7th Cir. 1993) (stating "A district court decision binds no judge

also decided more than a decade after *Hamlin*. Based on the foregoing, Admiral's motion to exclude defense costs that were not incurred by WRR or that were reimbursed is denied.

## IV. Documents Or Evidence Not Produced In Discovery

Admiral moves to bar WRR from offering documents or evidence not produced in discovery. WRR states that it has no intention of introducing any documents into evidence that have not been produced, with two exceptions: (1) attorneys' fees in this case which are still accruing — and WRR will update its document production as its attorney invoices are disseminated; (2) demonstrative exhibits which have not yet been created. Based on WRR's representations, Admiral's motion to preclude the admission of documents or evidence not produced in discovery is denied without prejudice.

## V. Evidence of Defense and Indemnity Expense Payments by Other WWR Insurers

Relying on Fed. R. Evid. 401, 402, and 403, WWR seeks to exclude evidence and testimony related to defense and indemnity expense payments by WRR's other insurers. Admiral relies on *Hamlin Inc.,* 86 F.3d at 95, and *Johnson Outdoors, Inc. v. Gen. Star Indem. Co.,* No. 05-C-

---

in any other case, save to the extent that doctrines of preclusion (not stare decisis ) apply.")

0522, 2009 WL 4043104, at *6 (E.D. Wis. Sept. 16, 2009), asserting that the evidence is relevant because WRR is attempting to recover greater damages than it would have received under the contract if Admiral had fully performed. As previously stated, since the other insurance companies are not parties in this action, their payments to WRR are not relevant. *See Acuity,* 734 N.W.2d at 472. Furthermore, Admiral has not rebutted WRR's contentions that the third-party insurers may have an interest in its recovery and that if the nonbreaching insurers "prevail on their coverage defenses [they could potentially] seek reimbursement for defense payments," (ECF No. 75, at 4) and that there can be no "windfall" with respect to the settlement payments because WRR was "forced to use up its policy limits." (ECF No. 77 at 3). Based on the foregoing, WRR's motion to exclude evidence of defense and indemnity expense payments by WRR's other insurers is granted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Admiral's motion to exclude any evidence of WRR's liability for damages or in settlement of the underlying LCCS claim (ECF No. 70) is **DENIED**;

Admiral's motion to exclude evidence of damages for attorney's fees

incurred by WRR in litigating coverage (ECF No. 71) is **DENIED**;

Admiral's motion to exclude evidence of damages for defense costs which were not incurred by or were reimbursed to WRR (ECF No. 72) is **DENIED**;

Admiral's motion to bar WRR from offering documents or evidence not produced in discovery (ECF No. 73) is **DENIED WITHOUT PREJUDICE;**

WRR's motion to exclude evidence and testimony related to defense and indemnity expense payments by WRR's other insurers (ECF No. 74) is **GRANTED**; and

The parties **MUST PARTICIPATE** in a supplemental telephonic scheduling conference **on March 25, 2015 at 9:30 a.m.** (Central Time). The Court will initiate the call.

Dated at Milwaukee, Wisconsin, this 4th day of March, 2015.

**BY THE COURT:**

/s/ Rudolph T. Randa

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**